UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM E. COFFEY, III, d/b/a EDDIE COFFEY & SONS, as Assignee of COLLEEN GRAY<br><br>**Plaintiff,**<br><br>vs.<br><br>NEW JERSEY RE-INSURANCE COMPANY; JOHN DOE(S) 1-5; ABC CO. 1-5,<br><br>**Defendants.** | NOTICE OF REMOVAL<br><br>CIVIL ACTION NO._____ |

NOW INTO COURT comes the Defendant, New Jersey Re-Insurance Company ("New Jersey Re"), which is a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] for the purpose of filing this Notice of Removal pursuant to 28 U.S.C. §1446, and thereby removing this matter from state court to the docket of this Honorable Court.  New Jersey Re would respectfully show as follows:

1. On or about March 27, 2017 the Plaintiff, William E. Coffey, III, d/b/a Eddie Coffey & Sons, as Assignee of Colleen Gray ("Plaintiff"), filed a Complaint in the Superior Court of New Jersey Law Division: Monmouth County, entitled "William E. Coffey, III, d/b/a Eddie

---

[1] 42 U.S.C. §4001, *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. § 4071(a)(1); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998). Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 163 (3rd Cir. 1998).

Coffey & Sons, as Assignee of Colleen Gray v. New Jersey Re-Insurance Company; John Doe(s) 1-5; ABC Co. 1-5" bearing case number L-1227-17.

2. For the reasons that follow, New Jersey Re hereby removes this case from state court to this federal court, based upon the grant of jurisdiction found at 28 U.S.C. §1331, 42 U.S.C. §4072, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. As this Court is well aware, removal is premised upon the face of a Plaintiff's complaint. Therefore, New Jersey Re directs this Court's attention to the allegations set forth in the Plaintiff's Complaint, which asserts a federal contract claim against New Jersey Re.

REVIEW OF THE PLAINTIFF'S COMPLAINT

4. At paragraph 3 of Plaintiff's Complaint, Plaintiff names New Jersey Re-Insurance Company as a Defendant.

5. At paragraph 1 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that a flood insurance bearing policy number 00N0219501, in place on October 29, 2012, is at issue in this lawsuit.

6. At paragraph 2 of Plaintiff's First Count (Breach of Contract), Plaintiff places at issue damages caused by flood.

7. At paragraph 3 and 4 of Plaintiff's First Count (Breach of Contract), Plaintiff continues to place at issue damages caused by flood as covered by a flood insurance policy bearing number 00N0219501.

8. At paragraph 6 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that it was contracted to repair flood damages.

9. At paragraph 7 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that Defendant breached a contract of flood insurance.

10. At paragraph 8 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that it is a beneficiary of monies "due and owing" as a result of flood damages.

11. At paragraph 9 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that it is the Assignee of a flood insurance policy and due additional benefits under same policy as issued by Defendant under Policy Number 00N0219501.

12. At paragraph 10 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that Defendant has ". . . failed and refused to honor the terms and commitments of their contract aforesaid; have refused to pay for the full quantum of damages for the above-referenced claims."

13. At paragraph 11 of Plaintiff's First Count (Breach of Contract), Plaintiff alleges that it has sustained monetary damages as a result of defendant's breach of the aforementioned flood insurance policy.

14. In the "Wherefore" paragraph of Plaintiff's First Count (Breach of Contract), Plaintiff seeks damages, interest fees and costs as a result of the alleged breach of a flood insurance policy bearing number 00N0219501.

## THE FEDERAL REGULATORY SCHEME

15. New Jersey Re, as a WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the *Arrangement*,[4] to issue Standard Flood Insurance Policies ("SFIP") on behalf of the federal government. The SFIP is a codified federal law found at 44 C.F.R., Part 61, App. A(1). The SFIP is incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a).

16. New Jersey Re cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

---

[4] https://www.fema.gov/media-library/assets/documents/17972.

17. All flood claim payments by a WYO carrier, such as New Jersey Re, under an SFIP are made out of a segregated account within the U.S. Treasury, as required by the Arrangement, Art. III. The Third Circuit has recognized that "regardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 165 (3rd Cir. 1998). "Payments made pursuant to that policy are 'a direct charge on the public treasury.'" Gowland v. Aetna, 143 F.3d 951, 955 (5th Cir.1998), citing to In re Estate of Lee, 812 F.2d 253, 256 (5th Cir.1987). The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in Newton v. Capital Assur. Co., Inc., 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id*. at 1311.

## THE STANDARD FLOOD INSURANCE POLICY

18. Plaintiff alleges that New Jersey Re issued an SFIP to the Plaintiff for the subject property (Complaint, ¶1, First Count). Plaintiff and New Jersey Re are the only parties to this contract of flood insurance.

19. Article IX of the SFIP states:

This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq*.) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX. Therefore, federal law "exclusively governs "all disputes" as to the SFIP place at issue by Plaintiff.

20. Clearly, the payment that Plaintiff seek from New Jersey Re would be a "direct charge on the public treasury," and would be "binding" upon the federal government. Gowland, 143 F.3d at 955; and 44 C.F.R. Part 62, App. A, Art. II(F).

## THE FEDERAL GOVERNMENT'S RULES AND THE WYO CARRIER'S ROLE

21. As stated above, the WYO carrier, such as New Jersey Re, is authorized by FEMA pursuant to the *Arrangement* to issue SFIPs.  Effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including New Jersey Re.  In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

22. Moreover, FEMA again stated its view that "any" such litigation states a federal question.  Each of these points is now clearly stated within the *Arrangement*, and in the following two paragraphs that became effective on October 1, 2004:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder <u>raise a federal question</u>; and . . . .

(emphasis added) https://www.fema.gov/media-library/assets/documents/17972

23. With the inception of the WYO Program in 1983, Congress amended 42 U.S.C. §4072 to state that there will be original "exclusive" jurisdiction in federal court for actions on SFIP claims. See Pub.L. 98-181, § 451(d)(5).  Thus, from the beginning of the WYO Program, Congress intended for flood claim litigation under SFIPs to be only in a federal forum.

24. Congress underwrites all operations of the NFIP through the U.S. Treasury.[6] This includes appropriations for both the adjustment of claims and the payment of those claims.[7] Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.[8]

25. New Jersey Re's role, as a WYO carrier and as set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is now clear that New Jersey Re, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1). See Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 598-99 (4th Cir. 2002), wherein the Fourth Circuit explained the relationship between the federal government and the WYO Program carriers.

### EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072

26. New Jersey Re contends that the Plaintiff's Complaint invokes 42 U.S.C. §4072.

27. The U.S. Second Circuit conducted a very detailed analysis of whether §4072 applies to WYO carriers. Palmieri v. Audubon Ins. Co., 445 F.3d 179 (2d Cir. 2006). After studying how §4072 fits within the NFIA, the Second Circuit joined the Third and Sixth Circuits in holding that §4072 indeed applies to WYO carriers. *Id.*; See also, Battle, 288 F.3d at 598-600; Van Holt v. Liberty Mut. Fire Ins. Co., 163 F. 161, 166 (3rd Cir. 1998) and Gibson v. American Bankers Ins. Co., 289 F.3d 943, 946-47 (6 Cir. 2002), respectively.

28. Therefore, New Jersey Re contends that this Court has original "exclusive" jurisdiction over the claims at bar.

---

[6] 42 U.S.C. § 4017(d)(1).
[7] 42 U.S.C. § 4017(d)(1).
[8] 42 U.S.C. §§4013, 4017, 4019.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331

29. As a basis for removal wholly separate from jurisdiction pursuant to 42 U.S.C. §4072, New Jersey Re asserts that Plaintiff's lawsuit invokes federal question jurisdiction. Based upon the facts pled by the Plaintiff there are numerous federal questions presented by the Complaint.

30. As stated above, the SFIP is itself a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1). Any interpretation of the SFIP is therefore an interpretation of federal law. Further, any interpretation of federal rules and regulations that exclusively govern the NFIP SFIP would be the interpretation of federal law and therefore federal question.

31. Whether the Plaintiff is owed any proceeds under the SFIP, necessarily raises federal questions.

32. As such, New Jersey Re contends that this Court has original jurisdiction per 28 U.S.C. §1331. See Battle, 288 F.3d at 607-609.

## FEDERAL JURISDICTION UNDER 28 U.S.C. §1337

33. As an additional basis for federal jurisdiction, New Jersey Re contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, …".

34. In C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co., 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, held:

> States have no regulatory control over the Program's operations. [FN3].
>
> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits.

U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. <u>Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance</u>. (emphasis added).

35. Therefore, original jurisdiction in this Court is conveyed the 28 U.S.C. §1337.

<u>SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS</u>

36. To the extent that any of the other claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See <u>Exxon Mobile Corp. v. Allapattah Services, Inc.</u>, 545 U.S. 546 (2005).

37. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. See, *e.g.,* <u>Winkler v. State Farm Fire</u>, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and <u>Jamal v. Travelers Lloyds of Texas Ins. Co.</u>, 97 F. Supp.2d 800 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. <u>Winkler</u>*,* 266 F.Supp.2d at 514.

<u>PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET</u>

38. This notice of removal, which was filed on May 24, 2017, is timely filed. New Jersey Re first received notice of Plaintiff's Complaint on April 28, 2017. Thus, the filing of this notice of removal is timely.

42. Venue for this removal is proper in the United States District Court of New Jersey, pursuant to 28 U.S.C. §1391, as the original suit is pending within the jurisdictional territory of this Court.

43. As per 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of the state court record obtained on May 11, 2017.

## CONCLUSION

WHEREFORE, Defendant prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the Superior Court of New Jersey, to the docket of this Honorable Court.

Date: May 26, 2017                             Respectfully submitted,

**Carroll McNulty & Kull, LLC**

By: */s/Kathryn Callahan*
Kathryn Callahan
120 Mountain View Blvd.
Basking Ridge, NJ 07920
P: (908) 848-6300; F: (908) 848-6310
Email: kcallahan@cmk.com

AND

**NIELSEN CARTER & TREAS, LLC**
Joseph J. Aguda, Jr.
(pending admission pro hac vice)
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile:   (504) 832-9165
Email: jaguda@nct-law.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM E. COFFEY, III, d/b/a EDDIE COFFEY & SONS, as Assignee of COLLEEN GRAY**<br><br>**Plaintiff,**<br><br>vs.<br><br>**NEW JERSEY RE-INSURANCE COMPANY; JOHN DOE(S) 1-5; ABC CO. 1-5,**<br><br>**Defendants.** | **NOTICE OF REMOVAL**<br><br>**CIVIL ACTION NO._____** |

### **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Kathryn Callahan, Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, other than the state court action being removed to this Court. I am further not presently aware of the names of any other parties that should be joined in this action. I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated:  May 26, 2017           **CARROLL MCNULTY & KULL LLC**

BY:  */s/ Kathryn A. Callahan*
     Kathryn A. Callahan, Esq.
     Gary S. Kull, Esq.
     120 Mountain View Boulevard,
     P.O. Box 650
     Basking Ridge, New Jersey 07920
     Tel.    908.848.6300
     Fax    908 848.6310

                                                                  kcallahan@cmk.com
                                                                   gkull@cmk.com
                                           ***Local Counsel for Defendant,***
                                           ***New Jersey Re-Insurance Company***